FILED '10 SEP 10 06:53 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| RON RICE and DONITA RICE, | ) | CASE NO. 10-6272-HO |
| | ) | |
| Plaintiffs, | ) | ORDER |
| | ) | |
| vs. | ) | |
| | ) | |
| JP MORGAN CHASE BANK, N.A., , | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## Introduction

Plaintiffs, Ron and Donita Rice, appearing *pro se,* seek a
preliminary injunction and a temporary restraining order (TRO)
against defendant JP Morgan Chase Bank NA (JP Morgan). [#5].
They bring suit alleging thirteen claims: breach of contract,
breach of fiduciary duty, breach of the implied covenant of good
faith and fair dealing, negligence, common law fraud, criminal
conspiracy and theft, predatory loan practices, fraudulent
collection on a void lien, false fees charged, violation of the

ORDER - page 1

Real Estate Settlement Procedures Act (RESPA), the Truth in
Lending Act(TILA), and Intentional Infliction of Emotional
Distress (IIED).  [#1- Plaintiffs' Petition]

Plaintiffs seek an "emergency restraining order enjoining
lender and any successor in interest from foreclosing on
[plaintiffs'] property"; "a permanent injunction enjoining
defendant from engaging in fraudulent deceptive, predatory and
negligent acts and practices;" "for quiet title" to the subject
property;" "rescission of the loan contract and restitution by
defendant;" "disgorgement of all amounts wrongfully acquired;
"monetary damages in the amount of $546,675.52;" pain and
suffering due to extreme mental anguish in an amount to be
determined at trial;" pre and post-Judgment interest; "punitive
damages" of "$1,640,026.56;" and attorney fees and costs
(although they are not presently represented).  [#1].

Plaintiffs have been ordered to serve defendant JP Morgan
but to date there is no indication that they have served the
defendant.  [#6].  Recognizing the serious nature of plaintiff's
allegations, this court granted plaintiffs' initial Motion for a
Temporary Restraining order [TRO],[#3], ordering the foreclosure
sale restrained until the hearing set for September 7, 2010.  *Id.*

Plaintiffs Motion for a Preliminary Injunction  is currently
before this court.  [#5].  Plaintiffs' motion alleges that their
house was scheduled for a non-judicial foreclosure auction on

ORDER - page 2

August 30, 2010,[#3, #5].  Their 26-page motion seeks to prevent
the defendant from "foreclosing on and selling the property until
and unless it prevails in the current litigation;" to "award
costs" and "enter judgment for Plaintiff."  [#5-p.25].

Discussion

Ron Rice and Donita Rice (plaintiffs) appearing *pro se* are
in a dispute with their mortgage lender, JP Morgan, the details
of which are not entirely clear.  The subject property, which
appears to be their home, is located at 1493 NW Quincy Ave, Bend,
Oregon 97701.  [#5-p.1].  Plaintiffs appear to have financed (or
refinanced), their Bend home with a loan from JP Morgan Chase
Bank for $546,675.52 at a 30-year fixed rate of 7.2981%.  [#1-pp.
3, 13, 18].  Plaintiffs complain that they were "induced" to
enter into "a predatory loan agreement" in which defendant
allegedly "committed numerous acts of fraud  . . in furtherance
of a carefully crafted scheme intended to defraud" them, charged
them "false fees at settlement and "failed to make proper
notices" to plaintiffs that "would have given [them] warning of
the types of tactics used by defendant to defraud" them and to
"compensate agents of [plaintiffs] to induce [those agents] to
breach their fiduciary duty" to plaintiffs.  [#5-p.1].

Plaintiffs contend that the collection proceedings against
them are frivolous because despite their request, they never
received production of the original promissory note that allegedly

ORDER - page 3

creates the debt.  [#5-p.2].  They further allege that the lender
has no legal standing to bring collection proceedings or
foreclosure claims against them because it is not a "real party in
interest in any contract which can claim a collateral interest in
the property" and even if it were to prove a valid contract it had
standing to enforce, no "valid lien exists" because the "contract
was fraudulent in its creation as endorsement was secured by acts
of negligence, common law fraud, fraud by non-disclosure, fraud in
the inducement, fraud in the execution, usury and breaches of
contractual and fiduciary duties" by "the mortgagee".  [#5-p.6].

     Plaintiffs' motion consists mostly of editorial comments
rather than details of their loan, when or why they ran into
difficulties making payments or how many payments they have failed
to make or what notice they were given.  Similarly, none of the
relevant documents have been attached to their filings.

     To the extent that plaintiffs' claims can be discerned, it
appears that they base their claims of breach of good faith and
fair dealing on the defendant's alleged failure to: (1) provide
the proper disclosures regarding the loan product the Rices were
buying; (2) provide accurate right to cancel notices; (3) prevent
plaintiffs from being placed in a more affordable loan product;
(4) follow proper underwriting standards; (5) disclose that
plaintiffs would default because their loan would be unaffordable;
(6) perform valid or properly documented substitutions and

ORDER - page 4

assignments so that plaintiffs could ascertain their rights and duties; (7) respond in good faith when plaintiffs requested documentation and (8) properly initiate foreclosure proceedings. [#5-p.22].

There is no response from defendant JP Morgan thus far, most likely because they have not been served.

1.   Notice to defendants required:

Pursuant to Fed. R. Civ. 65(a), "[n]o preliminary injunction shall be issued without notice to the adverse party."  Similarly, Fed. R. Civ. P. 65(b) prohibits the entry of a temporary restraining order without notice to the adverse party absent a showing of "the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required."  Neither plaintiffs' Motion for a TRO[1] nor their Motion for Preliminary Injunction include a certificate of service.  [#3; #5].  Plaintiffs' allegations that notice is not required in this case are supported solely by a self-serving statement contained in their motion alleging that, they will suffer "immediate and irreparable injury" if the sale "is allowed to take place.".  [#5-p.24].

While there is no doubt that it is an extreme hardship to be evicted from one's home, plaintiffs have failed to submit any

---

[1]    Previously granted by this court on August 25, 2010.. [#6].

evidence showing that such an event is likely to occur any time soon or indeed, at all.  Nor have they submitted any evidence upon which they could base rightful ownership of the subject property, or indicating that they might prevail in this matter.

This lack of documentation makes it impossible to ascertain what has taken place, where plaintiffs are in the foreclosure proceedings, if they were given appropriate notice(s) and what action (if any) they took as a result of the notice given to them. Compounding the lack of information before the court, plaintiffs failed to appear at the hearing set for this matter on September 7, 2010 at 10:45 am.  [#6]  Even if the balance of hardships tips sharply in plaintiff's favor, it must be shown as an irreducible minimum that there is a fair chance of success on the merits. *Stanley v. University of Southern California*, 13 F.3d at 1313, 1319. (1994).  Thus far there is none in the current record.

///

///

///

///

///

///

///


ORDER - page 6

<u>Conclusion</u>

Given the complete lack of evidence to support a finding that extraordinary circumstances exist warranting plaintiffs' motion for an *ex parte* preliminary injunction, I hereby DENY plaintiff's motion.  [#5].  .

IT IS SO ORDERED.

DATED this _____8th_____ day of September, 2010.


_____
United States District Judge

ORDER - page 7